TASHIMA, Circuit Judge,
dissenting:
Constitutional due process requires that an employee with a property interest in his employment be provided adequate procedures prior to termination.[1] Pre-termi-nation procedures are adequate only if the employee is provided: (1) adequate notice; (2) an explanation of the evidence; and (3) a meaningful opportunity to respond. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); see also Matthews v. Harney County, Or., Sch. Dist. No. 4, 819 F.2d 889, 892 (9th Cir.1987) (clarifying that notice must be adequate and that the opportunity to respond must be meaningful). Here, Bonney did not receive due process because he was not provided adequate notice or given a meaningful opportunity to respond as required by Matthews. It is also uncontested that his employment was terminated and that he was required to *358 pursue union grievance procedures to overturn that termination. Therefore, I would reverse the grant of summary judgment.
The majority errs by treating Bonney’s reinstatement as effectively erasing his termination for purposes of due process analysis. Cf. Loudermill, 470 U.S. at 536-37, 548, 105 S.Ct. 1487 (finding a valid due process claim where a public employee was not provided adequate pre-termination process even though he was later reinstated). Adequate post-termination process cannot make up for the inadequacy of pre-termination proceedings. See Matthews, 819 F.2d at 892.
Accordingly, I respectfully dissent.

. The district court apparently assumed that Bonney had a protectible property interest in his continued employment under state law and so do I.